UNITED STATES DISTRICT COURT
OF DELAWARE

RICARDO A. DE LOS SANTOS MORA )
        Plaintiff, )
         )
         )         Civil No: 06 - 46
    Vs. )
         )
         )
DELAWARE POLICE DEPARTMENT, )
U.S. ATTORNEY, )
        Defendants. )

FILED
JAN 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

COMPLAINT UNDER THE ALIEN
TORT CLAIM ACT 28 U.S.C. 1350

Comes now the Plaintiff, Ricardo A. De Los Santos Mora acting Pro se, and in support of the Plaintiff's complaint hereby states as follow:

JURISDICTION

This Honorable Court has jurisdiction to entertain Plaintiff's complaint under 28 U.S.C. 1331.

1

## FACTUAL BACK GROUND

Plaintiff is a citizen of the Dominican Republic. Plaintiff was arrested in April, 1995 in Delaware by a patrol police officer, for a alleged violation of trafficking cocaine and other charges. The officer advised Plaintiff and the other person in the car of their miranda rights, wich at the time Plaintiff did not understand due to inability to understand or speak the English lenguage. However, the officer did not advise Plaintiff of his rights under **ARTICLE 36 OF THE VIENNA COMVENTION**. Plaintiff was taken to the police department in where he was yelling at, and threatening by the officers. Plaintiff was asking, in Spanish, that he wants to speak with someone who understand Spanish. The officers ignored Plaintiff's request. Plaintiff was then taken to Smyrna, Delaware jail. Couple days later, Plaintiff was taken to court and the court appointed an attorney and an interpreter to assist Plaintiff.

After being held in Smyrna jail for eleven (11) months, from April 1995 to March 1996, the jury found Plaintiff not guilty of all charges. That was March 1996, a three days trial.

Plaintiff was then taken to Smyrna jail again, and the next day inmigration picked him up and took Plaintiff to York Town, Pennsyrvania, in wich Plaintiff was released on a $ 5,000 dollar bail.

At no time during the arrest or court proceedings Plaintiff was advised of his international rights. The police officer who arrested Plaintiff and the U.S. Attorney failure to advise Plaintiff of his Vienna Convention rights constituted a violation of Article 36 of the Vienna Convention.

**ARGUMENT**

In the instant case, Plaintiff is a victim of a tort committed in violation of a treaty of the United States. Plaintiff was held for eleven (11) months in jail, wrongly accused of acrime, and was not advised by anyone of his right to contact the Dominican consulate. If Plaintiff would had known of his Vienna Convention rights, he would had requested assistance from his country consulate official, and he probably would not had been held in jail that long. The arresting officer and U.S. Attorney violated Article 36 of the Vienna Convention.

The United States has been a party to the **VIENNA CONVENTION OF CONSULAR RELATION** since April 24, (1963), 21 U.S.T. 77 II. A.S. No: 6820, 596 U.N.T.S. 261 a multilateral treaty. The Vienna Convention requires its members states to ensure that a foreing national charged with a violation of host country law knows that he or she has the right to contact an officer representative of his or her native country for assistance with legal proceeding.

Article 36 of Vienna Convention provides that, when law enforcement officials of one signatory nation arrest a citizen of another signatory nation must "prontly" notify the arrestee's consular mission and advise the arrestee that he may consult with his consular official, see **VIENNA CONVENTION OF CONSULAR RELATION** April 24, 1963, Art. 36 (b) 21 U.S.T. 77 U.N.T.S. 261.

In the instant case, the officer knew that Plaintiff is a citizen of the Dominican Republic. At no time during the arrest, interrogation, or court proceedings Plaintiff was advised of his Vienna Convention rights.

3

The Supreme Court has recently granted review of case similar to Plaintiff's, see SANCHEZ LLAMA VS. OREGON, U.S. No: 05-51 Cert. granted 11/07/05 and BUSTILLO VS. JOHNSON, U.S. No: 05-51 Cert. granted 11/07/05. Also, several circuit courts have remanded cases arguing that police officer who arrest a citizen of a foreing country "must" comply with Article 36 of Vienna Convention. See JOGI Vs. TIM VOGES, ROM CARPER, DAVID MADIGAN, AND JOHN PILAND, No: 01-1657 (2005) the Court of Appeals for the Seventh Circuit found that JOGI had an individual right to notification under the Vienna Convention.

Finally, the Supreme Court has said that Article 36 "arguably confers on an individual the right to consular assistance following arrest." See BREARD V. PRUETT, 523 U.S. at 376.

## COMPENSATION AND PUNITIVE DAMAGE

Plaintiff was held for eleven (11) months in jail without being advised of his rights under the Vienna Convention. At the time Plaintiff did not understand English nor he knew about the Vienna Convention. Because this seriousviolation of his right, Plaintiff is seeking conpensation for the **sum of $ 1 million dollar.**

## CONCLUSION

The arresting officer and U.S. Attorney should have advised Plaintiff of his Vienna Convention rights as require by Article 36 of the Convention.

## PRAYER FOR RELIEF

Plaintiff prays this Honorable Court grant this complaint and all other relief as to this Honorable Court seems just and proper.

## DECLARATION

I, Ricardo A. De Los Santos Mora, hereby declare and affirm under penalty of perjury pursuant to 28 U.S.C. 1746 (2) on this 18th day of January 2006, that the foregoing statements are true and correct to the best of my knowledge and recollection.

Respectfully submitted,

Ricardo A. De Los Santos Mora

## CERTIFICATE OF SERVICE

I, Ricardo A. De Los Santos Mora, hereby ceritfy that a true and correct copy of the foregoing complaint accompanied with an affidavit and petition to proceed in forma pauperis, were sent to the Clerk of the District Court of Delaware by first class mail, postage prepaid, on this 18th day of January 2006.

Parties: Delaware Police Department,
U.S. Attorney.

Ricardo A. De Los Santos Mora
# 27615-083
FCC Petersburg Medium
P.O.Box 90043
Petersburg, Virginia 23804

5

UNITED STATES DISTRICT COURT
OF DELAWARE

RICARDO A. DE LOS SANTOS MORA :
    Plaintiff,
:
:
:
V. :     Civil No:_____
:
:
DELAWARE POLICE DEPARTMENT, :
U.S. ATTORNEY,
    Defendants. :

## AFFIDAVIT

    I, Ricardo A. De Los Santos Mora, hereby, Affiant, and states that Affiant is beyond the age of eighteen (18) and competent. Affiant is prepared to testify under oath that the content of this affidavit is true and correct.

1. Affiant, Ricardo A. De Los Santos Mora is presently a federal prisoner, housed at FCC Petersburg, Virginia

2. Affiant avers that his is a citizen of the Dominican Republic

3. Affiant avers that he was held for eleven (11) months at Smyrna, Delaware jail without being advised of his rights under Article 36 of the Vienna Convention

4. Affiant avers that at the time of the arrest, he did not understand the English language nor was an interpreter present during interrogation nor the officers advised him of his Vienna Convention rights.

5. Affiant avers that he learned of his right under the Vienna Convention recently because another inmate told him.

Sworn to under penarty of perjury pursuant to 28 U.S.C. 1746 (2), this 18th day of January 2006.

                                            Respectfully submitted,

                                            Ricardo A. De Los Santos Mora

