IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICARDO A. DE LOS SANTOS MORA, )
                                )
        Plaintiff,              )
                                )
    v.                          ) Civ. No. 06-46-JJF
                                )
DELAWARE POLICE DEPARTMENT      )
and U. S. ATTORNEY,             )
                                )
        Defendants.             )

### MEMORANDUM ORDER

Plaintiff Ricardo A. De Los Santos Mora, an inmate at FCI Petersburg Medium, Petersburg, Virginia, brings this action pursuant to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350. He appears pro se and on February 2, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and screen the complaint (D.I. 2) pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915 and § 1915A, for failure to state a claim upon which relief may be granted. Plaintiff is given leave to amend his complaint.

### I. THE COMPLAINT

Plaintiff is a citizen of the Dominican Republic. He alleges he was arrested on April 1995 in Delaware by a patrol police officer. At the time the officer advised Plaintiff of his Miranda rights in English, but Plaintiff is a Spanish speaker and

did not understand them. Plaintiff also alleges that the officer did not advise him of his rights under Article 36 of the Vienna Convention. Plaintiff was charged with drug trafficking and after a three day trial was found "not guilty". Plaintiff alleges that after the "not guilty" verdict he was taken by immigration to Pennsylvania and released on $5,000 bail.

Plaintiff alleges that at no time during his eleven month pretrial detention and the criminal proceedings was he advised of his international rights. He further alleges that the arresting police officer and the U.S. Attorney failed to advise him of his Vienna Convention rights under Article 36. He seeks compensatory damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

The ATCA provides that the district court shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the laws of nations or a treaty of the United States. 28 U.S.C. § 1350. The ATCA is a jurisdictional statute available to enforce a small number of international norms. Sosa v. Alvarez-Machain, 542 U.S. 692, 729 (2004). It has been held that under § 1350 there is an implied private right of action to enforce an individual's rights under Article 36 of the Vienna Convention. Jogi v. Voges, 425 F.3d 367, 385 (7th Cir. 2005).

In the present case, Plaintiff has not sufficiently identified the parties he seeks to hold responsible for the

alleged tort.  He names the Delaware Police Department as a defendant, but it is unclear if Plaintiff refers to the Delaware State Police or to a police department for one of the cities in Delaware.  In his complaint Plaintiff refers only to the arresting police officer as the person who failed to advise him of his international rights.

The other named defendant is the U.S. Attorney, and again Plaintiff alleges that the U.S. Attorney failed to advise him of his rights under the Vienna Convention.  Like the arresting police officer, Plaintiff does not adequately identify the U.S. Attorney.  There are ninety-three U. S. Attorneys stationed throughout the United States, Puerto Rico, the Virgin Islands, Guam, and the Northern Mariana Islands.  28 U.S.C. § 541; http://www.doj.gov/usao.  One U. S. Attorney is assigned to each of the judicial districts, with the exception of Guam and the Northern Mariana Islands where a single U. S. Attorney serves in both districts.  Id.  The complaint merely names a U.S. Attorney, without identifying the judicial district where the U.S. Attorney is assigned.

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b).  Plaintiff, however, is given leave to amend his complaint to name the appropriate parties.

IV. **CONCLUSION**

NOW THEREFORE, at Wilmington this 15 day of March, 2006, IT IS HEREBY ORDERED that:

1. The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE