IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICARDO A. DE LOS SANTOS MORA, )<br>)<br>      Plaintiff,       )<br>)<br>  v.                              )<br>)<br>DOVER, DELAWARE POLICE      )<br>DEPARTMENT, ATTORNEY GENERAL )<br>MARY JANE BRADY, AND DOVER   )<br>CHIEF OF POLICE JEFFREY      )<br>HOBARTH (Horvath),            )<br>)<br>      Defendants.      )  | Civ. No. 06-46-JJF |

## ORDER

WHEREAS, Plaintiff Ricardo A. De Los Santos Mora, an inmate at FCI Petersburg Medium, Petersburg, Virginia, filed this action pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350 (D.I. 2);

WHEREAS, on March 15, 2006, in screening the case, the Court dismissed without prejudice the complaint and gave Plaintiff leave to amend the complaint to identify the proper Defendants (D.I. 9);

WHEREAS, in accordance with the Court's instructions, Plaintiff filed an amendment identifying as Defendants the City of Dover Police Department, Delaware Attorney General Mary Jane Brady, and Dover Chief of Police Jeffrey Hobarth[1];

WHEREAS, Plaintiff clarified that the U.S. Attorney is not a defendant in this action;

THEREFORE, at Wilmington this 12 day of April, 2006, IT IS

---

[1] Plaintiff misspells the last name. The correct spelling is "Horvath."

ORDERED that:

   1.   Defendants in this case as identified by Plaintiff are: the City of Dover Police Department, Delaware Attorney General Mary Jane Brady, and Dover Chief of Police Jeffrey Horvath, incorrectly named as "Hobarth."

   2.   The clerk of the court shall cause a copy of this order to be mailed to Plaintiff.

   3.   Pursuant to Fed. R. Civ. P. 4(c)(2), (d)(2), and (j)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the **each Defendant**, as well as for the **Chief Executive Officer for the City of Dover, Delaware**. Additionally, Plaintiff shall provide the Court with a copy of the complaint (D.I. 2) and the two amendments (D.I. 10, 11) to be served upon Defendants and the Chief Executive Officer for the City of Dover, Delaware. Plaintiff is notified that the United States Marshal will not serve the complaint and the two amendments until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide a copy of the complaint, the two amendments, and the "U.S. Marshal 285" forms for Defendants and the Chief Executive Officer for the City of Dover, Delaware within 120 days from the date of this order may result in the complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

   4.   Upon receipt of the form(s) required by paragraph 3

above, the United States Marshal shall serve a copy of the complaint, the amendment, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendants identified in the 285 forms.

5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, the amendment, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service

upon the parties or their counsel.

8. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

9. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE