IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO A. DE LOS SANTOS MORA | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0046-JJF |
| | ) | |
| CIVY OF DOVER POLICE DEPT., | ) | |
| M. JANE BRADY, ATTORNEY | ) | |
| GENERAL, JEFFREY HOVARTH, | ) | |
| DOVER CHIEF OF POLICE, | ) | |

**DEFENDANT M. JANE BRADY, ATTORNEY GENERAL'S**
**OPENING BRIEF IN SUPPORT OF HER MOTION TO DISMISS**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. No. 3570
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for the Defendant
M. Jane Brady, Attorney General

DATED: September 18, 2006

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.......................................................................................... i

TABLE OF CITATIONS ..................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS ...................................................1

SUMMARY OF THE ARGUMENT ...............................................................2

STATEMENT OF FACTS. ..............................................................................3

ARGUMENT ....................................................................................................4

        STANDARD OF REVIEW

           a. Federal Rule of Civil Procedure 12(b)(1) ...........................................4

           b. Federal Rule of Civil Procedure 12(b)(6) ...........................................4

    I.    PLAINTIFF'S COMPLAINT PURSUANT TO THE VIENNA
        CONVENTION SHOULD BE DISMISSED FOR FAILURE TO STATE
        A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......................6

        a. Plaintiff's complaint fails to assert a private cause of action against the
        Attorney General............................................................................................6

        b.   Alternatively, if a private cause of action could be maintained,
        plaintiff's complaint is procedurally barred...............................................10

    II.    PLAINTIFF'S COMPLAINT EVEN IF ASSERTED UNDER
        42 U.S.C. § 1983 MUST BE DISMISSED AS THE ATTORNEY
        GENERAL IS NOT A "PERSON" SUBJECT TO SUIT UNDER
        42 U.S.C. § 1983....................................................................................13

    III.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE
        ATTORNEY GENERAL SUED IN HER OFFICIAL CAPACITY
        IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH
        AMENDMENT TO THE UNITED STATES CONSTITUTION AND
        THE DOCTRINE OF SOVEREIGN IMMUNITY ....................................14

    IV.    EVEN IF THE ATTORNEY GENERAL HAD BEEN SUED IN HER
        INDIVIDUAL CAPACITY, SHE WOULD BE IMMUNE FROM SUIT
        UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ........................15

V.    THE ATTORNEY GENERAL IS IMMUNE FROM SUIT UNDER THE
      DOCTRINE OF ABSOLUTE IMMUNITY ...............................................16

CONCLUSION.............................................................................................................18

## TABLE OF CITATIONS

CASES

Albright v. Oliver, 510 U.S. 266 (1994) ..........................................................................16

Breard v. Greene, 523 U.S. 371 (1998) ...........................................................................11

Castro v. United States, 540 U.S. 375 (2003) ..................................................................12

Conley v. Gibson, 355 U.S. 41 (1957)................................................................................5

Coxson v. Commonwealth of Pennsylvania, 935 F. Supp. 624 (W.D. Pa. 1996) ..............4

Davis v. Scherer, 468 U.S. 183 (1984) ...............................................................................5

De Los Santos Mora v. Brandenham et al., 2006 WL 2326964, C.A. No. 06-6131 (4th Cir. Aug. 10, 2006) ....................................................................................................................9

Edelman v. Jordan, 415 U.S. 651 (1974) ..........................................................................14

Growth horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993) ................4

Harlow v. Fitzgerald, 457 U.S. 800 (1982).......................................................................16

Heck v. Humphrey, 512 U.S. 477 (1994) ............................................................................9

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968), cert. denied 395 U.S. 961 (1969)..................................................................................................................................5

Imbler v. Pachtman, 424 U.S. 409 (1976) ...................................................................16, 17

Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) ......................................................14

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994).................................................4

Lee v. Mihalich, 847 F.2d 66 (3d Cir. 1988) ....................................................................16

Massaro v. United States, 538 U.S. 500 (2003).................................................................12

Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir.1999) .......................................15, 16

Mortensen v. first Federal Savings & Loan Assoc., 549 F.2d 884, (3d Cir. 1977) ............4

Neeley v. Samis, 183 F.Supp. 2d 672 (D. Del. 2002)........................................................15

Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994) ..................11

Pauling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), cert. denied, 364 U.S. 835 (1960) ....5

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) ...........................15

Ryan v. Burlington County, 889 F.2d 1286 (3d Cir. 1989) ................................................15

Sanchez-Llamas v. Oregon and Bustillo v. Johnson, Director of Virginia Dept. of
Corrections, 126 S.Ct. 2669 (June 28, 2006) ..................................................7, 8, 10, 11, 12

Scheuer v. Rhodes, 416 U.S. 232 (1974) ...........................................................................5

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996) ................................................14

Signore v. City of McKeesport, Pa., 680 F.Supp. 200 (W.D. Pa. 1988), aff'd 877 f.2d 54
(3d Cir. 1989) .......................................................................................................................5

Smith v. Phillips, 455 U.S. 209 (1982) ..............................................................................8

Sorensen v. City of New York, 2000 WL 1528282 (S.D.N.Y. Oct. 16, 2000) ................10

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478 (3d Cir.
1998) ....................................................................................................................................5

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ............................................13

Williams v. Taylor, 2002 WL 1459530 (D.Del. July 3, 2002) .........................................11

Winterberg v. CNA Ins. Co., 868 F. Supp. 713 (E.D. Pa. 1994), aff'd 72 F.3d 318 (3d
Cir. 1995) .............................................................................................................................4

STATUTES AND OTHER AUTHORITIES

Eleventh Amendment of the United States Constitution ...............................................2, 14

Vienna Convention, Article 36 ................................................................................... Passim

28 U.S.C. § 1350 ............................................................................................................1, 11

42 U.S.C. § 1983 ................................................................................2, 13, 15, 16, 17

21 U.S.T. 77 (1970) ...........................................................................................................6

29 Del. C. Ch. 25 ..............................................................................................................13

Fed. R. Civ. P. 12(b)(1).................................................................................................4

Fed. R. Civ. P. 12(b)(6).................................................................................................4

Del Super. Ct. R. 61(i)(3)............................................................................................12

Del. Supr. Ct. R. 8.......................................................................................................13

## <u>NATURE AND STAGE OF PROCEEDINGS</u>

On information and belief, Ricardo A. De Los Santos Mora ("Plaintiff") currently resides at 27615083 United States Penitentiary, P.O. Box 150160, Atlanta, GA 30315. Plaintiff commenced the instant action on January 20, 2006, with the filing of a complaint pursuant to the Alien Tort Claim Act, 28 U.S.C. § 1350 ("Alien Tort Claim Act"), in the United States District Court for the District of Delaware ("Complaint") (D.I. No. 2). Through the Complaint, the Plaintiff alleges that the Attorney General failed to advise him of his rights under the Vienna Convention which constitutes a violation of Article 36 of the Vienna Convention. Plaintiff appears to allege that on or about April 1995 he was arrested for trafficking cocaine and other charges. Plaintiff admits that at the time of his arrest he was advised of his Miranda rights. Further, at that same time, that he requested, in Spanish, to speak with someone that spoke Spanish. He was later taken to court and counsel was appointed to represent him. In addition, an interpreter was assigned to assist the Plaintiff.

According to the Complaint a trial was held in March 1996, with the jury finding that the Plaintiff was not guilty of all charges. Plaintiff was then taken to York Town, Pennsylvania on immigration charges and released on a $5,000 bail.

Plaintiff alleges that during his arrest, and during his court proceedings, Plaintiff was not advised of his international rights, in violation of Article 36 of the Vienna Convention. Moreover, that if Plaintiff had been advised of these rights he would not have been held in jail while awaiting trial.

This is State Defendant's Opening Brief in Support of her Motion to Dismiss the Complaint, which is filed simultaneously herewith.

1

## SUMMARY OF THE ARGUMENT

I.  PLAINTIFF'S COMPLAINT PURSUANT TO THE VIENNA CONVENTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

   a.  Plaintiff's complaint fails to assert a private cause of action against the Attorney General.

   b.  Alternatively, if a private cause of action could be maintained, plaintiff's complaint is procedurally barred

II.  PLAINTIFF'S COMPLAINT EVEN IF ASSERTED UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS THE ATTORNEY GENERAL IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

III.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE ATTORNEY GENERAL SUED IN HER OFFICIAL CAPACITY IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.

IV.  EVEN IF THE ATTORNEY GENERAL HAD BEEN SUED IN HER INDIVIDUAL CAPACITY, SHE WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

V.  THE ATTORNEY GENERAL IS IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE IMMUNITY.

2

## <u>STATEMENT OF FACTS</u>

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of Plaintiff's claims and dealings with State Defendant at length.  Even assuming all facts alleged in Plaintiff's complaint to be true, he fails to state a claim upon which relief can be granted.  The pertinent procedural facts have been set forth in detail at "Nature and Stage of Proceedings," *supra*.

## ARGUMENT

### STANDARD OF REVIEW

**a.    Federal Rule of Civil Procedure 12(b)(1)**

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e., demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

**b.    Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the

complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport, Pa*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations as true, he has not invoked the subject matter of this Court and he has failed to state any claim upon which relief could be granted by this Court.

I.     **PLAINTIFF'S COMPLAINT PURSUANT TO THE VIENNA CONVENTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    a.     **Plaintiff's complaint fails to assert a private cause of action against the Attorney General**

Plaintiff, a citizen of the Dominican Republic, alleges that upon his arrest he was not informed of his Vienna Convention rights which constituted a violation of Article 36 of the Vienna Convention.  Complaint at p. 2.  Further, that he was a victim of a tort committed in violation of the Vienna Convention.  Complaint at p. 3.  More specifically, that he was "held for eleven (11) months in jail, wrongly accused of a crime, and was not advised by anyone of his right to contact the Dominican consulate."  *Id.*   Plaintiff was however, assigned counsel and an interpreter to assist him in his defense.  Plaintiff appears to allege that if he had known of his Vienna Convention rights, he would have requested assistance from his consulate and  he "probably" would not have been incarcerated while awaiting trial.  *Id.*  Plaintiff seeks the sum of one million dollars for compensation arising from the eleven months that he was held in jail without being advised of his Vienna Convention rights.  Complaint at p. 4.

To begin a brief overview of the Vienna Convention appears warranted.  In 1963, the Vienna Convention was drafted with the purpose of "contributing to the development of friendly relations among nations, irrespective of their differing constitutional and social systems."  Vienna Convention (the "Convention") Apr. 24, 1963, [1970] 21 U.S.T. 77, 79.  Further, the Convention's Preamble states that the "purpose of such privileges and immunities [in the Convention] is *not to benefit individuals*, but to ensure the efficient performance of functions by consular posts on behalf of their respective States."  Convention, Preamble (emphasis added).  The United States ratified the Convention in

1969.  Article 36 of the Convention addresses communication between an individual and his consular officers when the individual is detained in a foreign country.  Specifically, the article provides that "if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner."  Art. 36(1)(6) of the Convention.  In plain language, when a citizen of one country is detained by authorities in another country, the authorities must notify the detainee's consulate, if the detainee so requests.

On June 7, 2005, the United States Supreme Court granted certiorari, in *Sanchez-Llamas v. Oregon* and *Bustillo v. Johnson, Director of Virginia Dept of Corrections*, 126 S.Ct. 2669 (June 28, 2006)("*Sanchez-Llamas*"), to address three questions pertaining to the Article 36 of the Vienna Convention.  Two of the three questions addressed are pertinent and dispositive to the instant matter:  (1) whether Article 36 grants rights that may be invoked by individuals in a judicial proceeding, and (2) "whether an Article 36 claim may be deemed forfeited under state procedural rules because a defendant failed to raise the claim at trial."  *Id.* at 2677.   Both appellants in *Sanchez-Llamas* argued that Article 36 granted them individual rights to request notification to their consular officers of their detention along with a right to be informed by authorities of the availability of consular notification.  *Id.*   Although the Supreme Court found it unnecessary to resolve the question whether the Vienna Convention granted individual enforceable rights, the Court's discussion of the interpretation of the Convention is instructive.

In *Sanchez-Llamas*, the Supreme Court considered arguments in two cases.  *Id.*  In the first case, Sanchez-Llamas, a Mexican national, was arrested after an exchange of

gunfire with the police.  *Id.* at 2675.  Although the arresting officers did not inform

Sanchez-Llamas that he could ask to have his consulate notified, he was given his

*Miranda* warnings. *Id.* at 2676.  During his interrogation, Sanchez-Llamas made

incriminating statements.  *Id.*  Before trial, he moved to have his statements suppressed

on the ground that the authorities failed to comply with Article 36.  *Id.*  The motion to

suppress was denied, Sanchez-Llamas was convicted and sentenced to prison.  *Id.*  The

Oregon Supreme Court denied Sanchez-Llamas' appeal finding that Article 36 does not

create rights to consular notification enforceable in a judicial proceeding.  *Id.*

In the second case, Bustillo, a Honduran national, was not informed that he could

have the Honduran consulate contacted when he was arrested for murder.  *Id.*  Bustillo

was subsequently convicted and sentenced.  *Id.*  For the first time, Bustillo asserted in his

habeas petition that his right to consular notification under Article 36 had been violated.

*Id.*  The habeas petition was dismissed because Bustillo had failed to raise the violation of

Article 36 at trial or on appeal.  *Id.* at 2677.

The Supreme Court has stated that "Federal courts hold no supervisory authority

over state judicial proceedings and may intervene only to correct wrongs of constitutional

dimension."  *Id.* at 2679 (*citing Smith v. Phillips*, 455 U.S. 209, 221 (1982)).  Further,

that to create a judicial remedy applicable in the State court the authority must lie in the

Convention itself.  *Id.* at 2679.  "[W]here a treaty provides for a particular judicial

remedy, there is no issue of intruding on the constitutional prerogative of the States or the

other federal branches.  Courts must apply the remedy as a requirement of federal law."

*Id.* at 2680.  However, the "Convention does not prescribe specific remedies for

violations of Article 36.  Rather, it expressly leaves the implementation of Article 36 to

domestic law:  Rights under Article 36 are to 'be exercised in conformity with the laws and regulations of the receiving State.'"  *Id.* at 2678 (*citing* Art. 36(2), 21 U.S.T. at 101).

The Supreme Court noted that "Article 36 does not guarantee defendants any assistance at all."  *Id.* at 2681.  The provision secures only a right to have their consulate notified of their detention, not to have their consulate intervene, or for law enforcement to cease their investigations.  *Id.*  Further, the Supreme Court held that the Convention does not trump the procedural default rules.  *Id.* at 2682.

The Plaintiff filed a complaint seeking damages pursuant to the Convention, almost identical to the instant action, against a US Attorney and arresting officers in Virginia.  The District Court in the Virginia action dismissed the complaint because it was "barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), because his criminal conviction [had] not been set aside and a judgment in [that] action would necessarily imply the invalidity of that conviction."  *De Los Santos Mora v. Bradenham et al*, 2006 WL 2326964, C.A. No. 06-6131 (4th Cir. Aug. 10, 2006).  On appeal the Court of Appeal stated that "Article 36 addresses a foreign national's entitlement to consular notification concerning his arrest, but does not implicate any right to consular intervention or cessation of the criminal investigation and that violation of any rights under Article 36 would not trigger application of the exclusionary rule."  *Id.*   Finding that the District Court erred in dismissing the action based on *Heck*, the Court of Appeals remanded with instructions for further proceedings pursuant to its opinion.  *Id.*

Likewise, in the instant action, any violation of Article 36 would only entitle the Plaintiff to consular notification – not any right to consular intervention or effect on the criminal investigation.  Plaintiff's complaint states that he was held pending trial.

9

Subsequent to trial the Plaintiff was arrested, and transported to Pennsylvania on immigration charges.  A violation of Article 36 under these facts does not implicate any right to consular intervention or cessation of a criminal investigation, or any private right of action.   Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

The Supreme Court has held that the Convention itself does not prescribe specific remedies for violations of Article 36.  *Sanchez-Llamas*, 126 S.Ct. at 2678.  Further, that the Supreme Court's "authority to create a judicial remedy applicable in state court must lie, if anywhere in the treaty itself."  Id. at 2679.  Because the Convention, by its terms, does not require the suppression of statements made by defendants who have not been informed of their Article 36 rights, the Supreme Court has determined that it cannot require suppression of such statements.  *Id.*

In this analogous situation, the court should not hold that a violation of Article 36 gives rise to liability.  In other words, the Convention, by its terms, does not require that such a violation be redressed by money damages.  To find so without some authority from the Convention "would in effect be supplementing the terms [of the Convention] by enlarging the obligations of the United States."  *Id.*  "There is no provision in the treaty providing for civil liability under Article 36."  *Sorensen v. City of New York*, 2000 WL 1528282 (S.D.N.Y. Oct. 16, 2000).  Since no cause of action is set forth in the Convention, Plaintiff's complaint should be dismissed for failure to state a claim.

### b.  Alternatively, if a private cause of action could be maintained, plaintiff's complaint is procedurally barred

Even if this Court was to find that the plaintiff could maintain a private cause of action, his action would be procedurally barred.  In the case *Breard v. Greene*, 523 U.S.

371 (1998), the Court observed that "absent a clear and express statement to the contrary, the procedural rules of the forum State govern the implementation of the treaty in that State." *Id.* at 375. Since Breard did not assert his Vienna Convention claim in state court, in conformity with the laws of the United States and the Commonwealth of Virginia, the Court determined that he could not raise them for federal review. *Id.* at 375-76. The Court stated that Breard's assertion of prejudice was more speculative than the "routinely rejected[ed]" claims inmates allege of attorney error. *Id.* at 377. Lastly, the Court found that even if Breard's claim was raised and proved, "it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial." *Id.* Citing to *Breard*, the Supreme Court in *Sanchez-Llamas* stated "that the rule of procedural default-which applies even to claimed violations of our Constitution, - applies also to the Vienna Convention." *Sanchez-Llamas*, 126 S.Ct. at 2685 (internal citations omitted).

There are procedural bars applicable to Plaintiff's complaint. The first procedural bar is the statute of limitations. Plaintiff's claim accrued when he was arrested, April 1995, and allegedly was not advised of his rights under Article 36. *Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). The complaint was filed pursuant to 28 U.S.C. § 1350 which sets forth a statute of limitations - "No action shall be maintained under this section unless it is commenced within 10 years after the cause of action arose." 28 U.S.C. § 1350(c). Plaintiff's claim is untimely. Neither Plaintiff's lack of legal knowledge nor attorney error constitute "extraordinary circumstances" required for equitable tolling. *Williams v. Taylor*, 2002 WL 1459530 (D.Del. July 3, 2002). Plaintiff's claim should be dismissed for failure to state a claim.

The second procedural bar is that the Plaintiff failed to raise this claim at trial. "Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Castro v. United States*, 540 U.S. 375, 386 (2003) (SCALIA, J. concurring in part and concurring in judgment). "Procedural default rules are designed to encourage parties to raise their claims promptly and to vindicate 'the law's important interest in the finality of judgment.'" *Sanchez-Llamas*, 126 S.Ct. at 2685 (*quoting Massaro v. United States*, 538 U.S. 500, 504 (2003). Although, the Plaintiff was acquitted on his charges, he should not be relieved of the requirement to raise his claims at the proper time. The responsibility for failure to raise a claim generally rests on the parties. "The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim." *Sanchez-Llamas*, 126 S.Ct. at 2685.

The Plaintiff's complaint states that he did not raise his claim at trial. As a result he should be procedurally barred from raising it now. The Supreme Court in *Sanchez-Llamas* stated that "a comparison of Article 36 and a suspect's rights under Miranda disposes of Bustillo's claim." *Id.* at 2687. Bustillo could not show that normal procedural default rules should be suspended. The Court rejected Bustillo's request that it "require the States to hear Vienna Convention claims raised for the first time in state post conviction proceedings." *Id.* Holding instead that "[g]iven that the Convention itself imposed no such requirement, we do not perceive any grounds for us to revise state procedural rules…" *Id.*

Superior Court Criminal Rule 61(i)(3) states that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the

rules of this court, is thereafter barred...."  Similarly, Delaware Supreme Court Rule 8 only permitted questions fairly presented at trial to be presented for review.  Del. Supr. Ct. R. 8.  What is not permitted under Delaware's post conviction rules nor on appeal should not be permitted post-trial on acquittal.  Plaintiff's complaint should be dismissed as his claims should be procedurally barred.

**II.     PLAINTIFF'S COMPLAINT EVEN IF ASSERTED UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS THE ATTORNEY GENERAL IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.**

The Plaintiff has named M. Jane Brady, Attorney General as a defendant in this matter.  The State Department of Justice is a State Agency under the direction and control of the Attorney General, an elected official.  29 *Del. C. Ch.* 25.  The Attorney General cannot be considered "persons" as contemplated by the jurisprudence interpreting 42 U.S.C. § 1983.

The United States Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C. § 1983 because he or she is not a "person" under the statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution, so are state actors in their "official" capacities.

> As the Supreme Court in *Will* explained:  "[o]bviously, state official literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office....  As such it is no different from a suit against the State itself.

*Will*, 491 U.S. at 71.

Plaintiff's complaint, while vaguely pled, clearly stems entirely from his arrest by the police and subsequent prosecution by the Department of Justice. The fact that Plaintiff now seeks damages as a result of being held awaiting trial does not negate that the actions taken were taken in an official capacity, which does not give rise to cause of action in this Court. The Attorney General is not a "person" subject to suit in this Court.

III.   **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE ATTORNEY GENERAL SUED IN HER OFFICIAL CAPACITY IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Further, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is

14

proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D.Del. 2002) (*citing Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984).

The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result. Id. No such clear intent can be seen in 42 U.S.C. § 1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 U.S.C. § 1983. As discussed supra, the Attorney General acting in her official capacity is not a "person" as contemplated by 42 U.S.C. § 1983.

## IV.    EVEN IF THE ATTORNEY GENERAL HAD BEEN SUED IN HER INDIVIDUAL CAPACITY, SHE WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

There is nothing in the instant complaint to support a claim against the Attorney General in her individual capacity. The Third Circuit has held that the proper analysis is for the trial court to first determine whether the Plaintiff asserts a valid violation of a constitutional right, before considering immunity issues. *Miller v. City of Philadelphia*, 174 F.3d 368, 374 (3d Cir. 1999). Plaintiff here has not made that showing. Nonetheless, Plaintiff's claims against the Attorney General in her individual capacity would be barred by the doctrine of qualified immunity.[1] It is well settled that government officials performing discretionary functions enjoy qualified immunity from damages when their conduct "does not violate clearly established statutory or constitutional rights

---

[1] As the Third Circuit held in *Ryan v. Burlington County*, 889 F.2d 1286, 1292 (3d Cir. 1989) "[t]he defense of qualified immunity is a recognition of the fact that subjecting public official to personal liability for their discretionary actions results in the distraction of those officials from their public duties, inhibits their discretionary actions and, quite possibly, deters qualified people from accepting public service." *Id.*

of which a reasonable person would have known." *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988) (*citing Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (*Lee v. Mihalich* abrogated on unrelated grounds per *Albright v. Oliver*, 510 U.S. 266 (1994)).  The test is one of "objective legal reasonableness" of an official's acts.  Lee, 847 F.2d at 69.  The Attorney General is entitled to qualified immunity unless Plaintiff can show that (1) his "right" is clearly established by law, and (2) the "unlawfulness must be apparent."  *Id.*  In *Miller*, the Third Circuit, citing Supreme Court authority, held that where abusive action is alleged against a government official, there will be no constitutional liability unless the "action [is] so ill-conceived or malicious that it 'shocks the conscience' . . . officials will not be held liable for actions that are merely negligent."  *Miller*, 174 F.3d at 375 (citations omitted).

Applying the *Lee/Miller* test, it is clear that Plaintiff has not pled any facts that would defeat the qualified immunity of the Attorney General.  He has no "right" – let alone a "clearly established right" to bring a claim against the Attorney General.  In addition, Plaintiff has not pled any facts to show action on the part of the Attorney General was malicious or that "shocks the conscience."  As plaintiff fails to set forth any factual basis that would defeat the defense of good faith immunity, the Attorney General is not subject to liability.

**V.    THE ATTORNEY GENERAL IS IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE IMMUNITY.**

Prosecutors, including the Attorney General, enjoy absolute immunity.  The Court in *Imbler v. Pachtman*, 424 U.S. 409 (1976), addressed for the first time the liability of a state prosecutor under 42 U.S.C. § 1983.  *Id.* at 420.  The Court found that the Court of Appeals had "virtually unanimously determined that a prosecutor enjoys absolute

immunity from a § 1983 suit for damages when he acts within the scope of his prosecutorial duties." *Id.* Absolute immunity for prosecutors is permitted because "[i]f a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution." *Id.* at 424. To limit the prosecutor's immunity to qualified immunity "could have an adverse effect upon the functioning of the criminal justice system." *Id.* at 425.

The Court's decision in *Imbler* reviewed the various post-trial procedures available to an accused to obtain a fair trial. In doing so, the Court stated that the "focus should not be blurred by even the subconscious knowledge that a post-trial decision in favor of the accused might result in the prosecutor's being called upon to respond in damages for his error or mistaken judgment." *Id.* at 427. The Supreme Court concluded that these various considerations "dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Id.* Accordingly, Plaintiff cannot maintain a claim against the Attorney General.

## CONCLUSION

Even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against the Attorney General, upon which relief could be granted.  For the foregoing reasons, M. Jane Brady, as the Attorney General, respectfully requests that this Honorable Court grant her Motion to Dismiss Plaintiff's complaint with prejudice.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for M. Jane Brady, as
Attorney General


DATED:  September 18, 2006

18

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2006, I electronically filed Defendant M.

Jane Brady, Attorney General's Motion to Dismiss and Opening Brief in Support of Her

Motion to Dismiss with the Clerk of the Court using CM/ECF.  In addition, two copies

were sent via U.S. Mail to the following:

Ricardo A. De Los Santos Mora
27615083
United States Penitentiary
P.O. Box 150160
Atlanta, GA  30315

Ricardo A. De Los Santos Mora
#27615-083
FCC Petersburg Medium
P.O. Box 90043
Petersburg, VA  23804


By: /s/ Linda M. Carmichael
Linda M. Carmichael I.D. #3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
linda.carmichael@state.de.us
Attorney for Defendant
M. Jane Brady, Attorney General

I:\ALABOR\CARMICHAEL\De Los Santos Mora\Motion to Dismiss Open Br v2.doc