IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RICARDO A. DE LOS SANTOS MORA,**   **Plaintiff,**   v.   **CITY OF DOVER POLICE DEPARTMENT, ATTORNEY GENERAL MARY JANE BRADY, and DOVER CHIEF OF POLICE JEFFREY HOBARTH (Horvath),**   **Defendants.** | **Civ. No. 06-46 JFF** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', CITY OF DOVER POLICE DEPARTMENT AND DOVER CHIEF OF POLICE JEFFREY HORVATH, MOTION TO DISMISS IN LIEU OF AN ANSWER

**I.   Statement and Nature of Case**

On April 6, 2006, Plaintiff, Ricardo A. De Los Santos Mora, filed an Amended Complaint alleging a violation of his rights under Article 36 of the Vienna Convention against several defendants, including Defendants City of Dover Police Department and Dover Chief of Police Jeffrey Horvath ("Defendants"). Defendants were served on September 1, 2006.

Plaintiff, a citizen of the Dominican Republic, was arrested in Delaware more than ten years ago, on April 28, 1995, by a police officer of the Harrington Police Department, a Private First Class Davis.[1] At the time, Plaintiff was a passenger in a vehicle being driven from New York to Virginia that contained narcotics and drug paraphernalia. In the course of Plaintiff's arrest, he was read his Miranda rights. He was not then, or thereafter, told of his ability to contact a consul of his home country. Plaintiff was charged with, and later acquitted of,

---

[1] *See* Plaintiff's Crime/Arrest Report, attached as Exhibit 1. PFC Davis's full name was later learned by defense counsel to be A. Scott Davis.

numerous crimes, including possession of narcotics with the intent to deliver, possession of drug paraphernalia, conspiracy in the second degree, and trafficking in cocaine.

**II.  Plaintiff fails to state a claim upon which relief may be granted, and his action must be dismissed, because the City of Dover Police Department and Dover Chief of Police Jeffrey Horvath had no involvement in Plaintiff's arrest and are improperly named as Defendants.**

Defendants City of Dover Police Department and Dover Chief of Police Jeffrey Horvath had no involvement in Plaintiff's arrest, as Plaintiff was instead arrested by a police officer of the Harrington Police Department, and are improperly named as Defendants.

### A.  Standard of Review

In deciding a motion to dismiss, a plaintiff's allegations must be accepted as true,[2] and dismissal is warranted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[3]  In addition to the Complaint's allegations, a court may consider "exhibits attached to the [C]omplaint, matters of public record, and documents that form the basis of a claim."[4]  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be treated as motions for summary judgment when matters outside the pleadings are presented to the court.[5]

### B.  Plaintiff was arrested and thereafter handled by police officers of the City of Harrington Police Department, not the City of Dover Police Department.

Private First Class Davis, whose full name was later learned by defense counsel to be A. Scott Davis, of the City of Harrington Police Department arrested Plaintiff, as evidenced by

---

[2]  *See Hishon v. King*, 467 U.S. 69, 73 (1984).
[3]  *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).
[4]  *Brown v. Daniels*, 128 Fed. Appx. 910, 913 (3rd Cir. 2005)(citations omitted)(attached as Exhibit 2); *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3rd Cir. 2004).
[5]  FED R. CIV. P. 12(b).

Plaintiff's Crime/Arrest Report.  PFC Davis's name, and the name of that police department, appear on every page of the report, including the supplemental, narrative pages.  Although the names of other police officers also appear in the report, none are Dover Chief of Police Jeffrey Horvath or any other officers of the City of Dover Police Department.  Nor does that police department's name appear in the report.  Clearly, then, Defendants had no involvement in Plaintiff's arrest.  Further, nothing has been presented to suggest that the City of Dover Police Department, or any of its officers, were involved in any way with the handling of Plaintiff after his arrest, either.  Therefore, as Defendants were not involved in Plaintiff's arrest or post-arrest handling, they are improperly named in this action.

**III.    Plaintiff fails to state a claim upon which relief may be granted, and his action must be dismissed, because Article 36 of the Vienna Convention creates no private rights of action for individuals, and Plaintiff filed his suit after the would-be statute of limitations had run even if it did.**

Article 36 of the Vienna Convention creates no private rights of action for individuals, and even if it did, Plaintiff filed his suit after the would-be statute of limitations had run.

### A.    Standard of Review

In deciding a motion to dismiss, a plaintiff's allegations must be accepted as true,[6] and dismissal is warranted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[7]  In addition to the Complaint's allegations, a court may consider "exhibits attached to the [C]omplaint, matters of public record, and documents that form the basis of a claim."[8]  Motions to dismiss pursuant to Federal Rule of Civil

---

[6] *See Hishon*, 467 U.S. at 73.
[7] *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).
[8] *Brown*, 128 Fed. Appx. at 913 (citations omitted); *Lum*, 361 F.3d at 222 n.3.

Procedure 12(b)(6) shall be treated as motions for summary judgment when matters outside the pleadings are presented to the court.[9]

### B. Article 36 of the Vienna Convention does not create an individually enforceable right to consular notification following an arrest.

Although the United States Supreme Court has encountered but not yet decided the issue,[10] all of the Circuit Courts of Appeal but one that have decided it have held that Article 36 of the Vienna Convention does not create an individually enforceable right to consular notification following an arrest.[11]

In *Cardenas v. Dretke*,[12] Appellant petitioned the Fifth Circuit Court of Appeals for a certificate of appealability following a guilty verdict at trial and a denial of his writ of habeas corpus by the trial court. Appellant claimed, among other things, that the prosecution's failure to advise him of the ability to contact a consul of his home country under the Vienna Convention required review by the trial court to determine whether it prejudiced his trial's fairness.[13] The Fifth Circuit held that Appellant's claim was procedurally barred, as it had not been raised at trial, but failed even so because "the Vienna Convention does not confer individually enforceable rights."[14]

---

[9] FED R. CIV. P. 12(b).
[10] *See Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669 (2006); *Breard v. Greene*, 118 S.Ct. 1352 (1998).
[11] *United States of America v. Pineda*, 57 Fed. Appx. 4 (1st Cir. 2003)(attached as Exhibit 3); *United States of America v. Ademaj*, 170 F.3d 58 (1st Cir. 1999); *United States of America v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001); *Cardenas v. Dretke*, 405 F.3d 244 (5th Cir. 2005); *United States of America v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001); *United States of America v. Garcia-Perez*, 2006 U.S. App. LEXIS 18972 (6th Cir.)(attached as Exhibit 4). *See also United States of America v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001)(citing *Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1994))(restating Court's prior holding that Vienna Convention's consular-notification provision does not create "fundamental rights" for foreign national); *United States v. Li*, 206 F.3d 56, 61 (1st Cir. 2000)(stating that there is a strong presumption against private rights of action under international treaties). *Contra Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005).
[12] 405 F.3d 244 (5th Cir. 2005).
[13] *Id.* at 247.
[14] *Id.* at 253 (citations omitted).

Circuit Courts of Appeal have concluded that the Convention does not create an individually enforceable right to consular notification under other, varying circumstances as well. The First and Fifth Circuits, in *United States of America v. Pineda*[15] and *United States of America v. Jimenez-Nava*,[16] respectively, affirmed the District Courts' denials of defendants' motions to suppress evidence based upon a claimed violation of Article 36 of the Vienna Convention. The First Circuit also declined to set aside Appellant's criminal conviction upon that basis in *United States of America v. Ademaj*.[17] The Sixth Circuit decided, in *United States of America v. Garcia-Perez*,[18] that Appellant's guilty plea was not involuntary or unknowing by way of the District Court's failure to inform Appellant of his ability to contact a consul in his home country, and affirmed, in *United States of America v. Emuegbunam*,[19] the District Court's denial of Appellant's motion to dismiss the indictment based upon such a failure by the prosecution.[20]

In the present case, Plaintiff cannot base his claim upon an alleged violation of Article 36 of the Vienna Convention because that provision does not create an individually enforceable right to consular notification following an arrest. Nearly all of the Circuit Courts of Appeal that have decided the issue are in unison, regardless of the cases' factual and procedural circumstances. The Courts have based their analyses on a variety, and sometimes all, of the following: proper judicial review and construal of treaties, including their review and construal of the Vienna Convention; the United States Department of State's interpretation of the Convention; and the Convention's legislative history and historical application. The Circuit

---

[15]   57 Fed. Appx. 4 (1st Cir. 2003)(attached as Exhibit 3).
[16]   243 F.3d 192 (5th Cir. 2001).
[17]   170 F.3d 58 (1st Cir. 1999).
[18]   2006 U.S. App. LEXIS 18972 (6th Cir.)(attached as Exhibit 4).
[19]   268 F.3d 377 (6th Cir.).
[20]   Upon request, the District Court allowed Appellant to contact representatives of his nation but thereafter posited that allowing such contact "constituted the only remedy judicially available for a violation of the treaty." *Id.* at 387-88.

Courts' well-founded analyses reveal that the Vienna Convention is meant to benefit nation-states, not individuals, and that Article 36 thereof does not create an individually enforceable right to consular notification. The Courts' overwhelming agreement thus far indicates the direction of the law on the issue, and the other Circuit Courts, including for the Third Circuit, almost certainly will decide it likewise and align their precedent. This Court should seize its presented opportunity in this case to recognize that trend and rule accordingly. Because Plaintiff's claim is based solely on an alleged violation of the consular notification provision of the Vienna Convention, and that provision creates no individually enforceable rights, the claim should be dismissed.

The Seventh Circuit is the only one with a divergent view on this issue. In *Jogi v. Voges*,[21] the Court's decision was largely based on its interpretation of the same authorities considered by the other Circuit Courts, especially the Convention itself. The Court also analyzed, somewhat at length, decisions of the International Court of Justice (ICJ), which admittedly do not bind the United States's judiciary.[22] Because the Courts essentially considered the same authorities, and the Seventh Circuit's interpretation thereof was the only one different than the rest, *Jogi* could best be described as an outlier case. Moreover, the ICJ decisions cited by the Court are not binding and therefore are irrelevant to the issue's consideration.

    **C.**     **Even if Plaintiff had an individually enforceable right to consular notification, his filing suit ten (10) years after his arrest violates the would-be two-year statute of limitations.**

Because Article 36 of the Vienna Convention does not create an individually enforceable right to consular notification, there is no established statute of limitations for an alleged violation. Even *Jogi* fails to provide one, although it does suggest without deciding that a two-

---

[21]     425 F.3d 367 (7th Cir. 2005).
[22]     *Id.* at 384.

year statute might apply.[23] The treaty itself, of course, does not afford a statute. In comparison, when Congress does not provide a statute of limitations for federal causes of action, courts borrow those "governing analogous state causes of action."[24] Plaintiff's claim most resembles a violation of civil rights claim, to which federal courts apply a state's statute of limitations for personal injury actions.[25] In Delaware, that is two years.[26]

Even if Plaintiff had an enforceable right to consular notification under the Vienna Convention, which he does not, his filing suit ten years after his arrest violates the would-be two-year statute of limitations. While, as mentioned, there is no established statute because there is no established right, a two-year statute is entirely logical in light of the above analysis. Hypothetically, were a court to determine a longer applicable statute, assuming it also determined that the underlying right existed, it is difficult to imagine that a litigant would get a decade to bring their action. Plaintiff's claim, filed ten years after the incident, violates all conceivably applicable statutes of limitations, including the most probable two-year statute.

## IV.  Conclusion and Prayer for Relief

Plaintiff fails to state a claim upon which relief may be granted. He improperly named as Defendants the City of Dover Police Department and Dover Chief of Police Jeffrey Horvath as they had no involvement with Plaintiff's arrest. Moreover, Plaintiff bases his claim on Article 36 of the Vienna Convention, which provides no individually enforceable rights. Finally, even if it did, Plaintiff filed suit after all conceivably applicable statutes of limitations had run. Based on

---

[23]  *Jogi*, 425 F.3d at 386.
[24]  *Getchey v. County of Northumberland*, 120 Fed. Appx. 895, 897-98 (3d Cir. 2005)(citations omitted)(attached as Exhibit 5); *See also In Re: Mushroom Transportation Company, Inc.*, 382 F.3d 325, 336 (3d Cir. 2004)(citations omitted). Title 28, Section 1658(a) of the United States Code provides that civil actions arising under an Act of Congress enacted after December 1, 1990 are subject to a four-year statute of limitations. 28 U.S.C.S. § 1658(a) (2006).
[25]  *Getchey*, 120 Fed. Appx. at 898 (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)).
[26]  DEL. CODE ANN. tit. 10, § 8119 (1999).

the foregoing, Plaintiff's action against Defendants City of Dover Police Department and Dover Chief of Police Jeffrey Horvath should be dismissed.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ Daniel A. Griffith*   DE ID No. 4209

_____
DANIEL A. GRIFFITH, ESQ. (Del. Bar ID No. 4209)
JOHN A. MACCONI, JR., ESQ. (Del. Bar ID No. 4430)
1220 North Market St., 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
*Counsel for Defendants City of Dover Police Department and Dover Chief of Police Jeffrey Horvath*

DATED: September 20, 2006