IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICARDO A. DE LOS SANTOS MORA  )
    Plaintiff,  )
      )
V.  )
      )    Civil Action No: 06-0046-JJF
      )
DOVER, DELAWARE POLICE DEPT.,  )
M. JANE BRADY, ATTORNEY GENERAL,  )
JEFFREY HOVARTH, DOVER CHIEF OF  )
POLICE,  Defendants.  )

FILED
SEP 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

REPLY TO MOTION TO DISMISS FILED BY
M. JANE BRADY, ATTORNEY GENERAL

Comes now the plaintiff, Ricardo A. De Los Santos Mora, hereinafter "plaintiff", and in support of plaintiff's Reply hereby states as follows:

The defendant, M. Jane Brady, in her motion to dismiss argues that:

(a) This court does not have subject matter jurisdiction to entertain plaintiff's complaint,

(b) That plaintiff's complaint fails to assert a private cause of action against the Attorney General,

(c) And that plaintiff's complaint is time-barred.

Plaintiff will address each argument made by the defendant in turn.

(a) **SUBJECT MATTER JURISDICTION**

For jurisdiction to vest under 28 U.S.C. § 1350, 3 elements must

1

be present (1) claim must be made by aliens, (2) it must be for tort, (3) tort must be in violation of law of nations or treaties of United States. **HANACH TEL. OREN V. LIBYAN ARAB REPUBLIC**, (1981, DC Dist. Col.) 517 F.Supp 542, and (1984 App DC) 233 US App DC 384.

In the instant case, plaintiff is from the Dominican Republic. The Police Department of Dover, Delaware, the Dover Chief of Police, and Attorney General violated plaintiff's rights under Article 36 of Vienna Convention. It is clear that this Honorable Court has jurisdiction to entertain plaintiff's complaint under **Alien Tort Claim Act 28 U.S.C.§ 1350**.

### (b) PRIVATE CAUSE OF ACTION

It is the Attorney General responsibility to ensure that her state comply with the "stablished recognized" federal law. Article 36 of the Vienna Convention provides that when law enforcement officials of one signatory nation arrest a citizen of another signatory nation, they "must prontly" notify the arrestee's consular and advise the arrestee that he may consult with his consular official, see **VIENNA CONVENTION OF CONSULAR RELATIN**, April 24, 1963, Art. 36(b), 21 U.S.T. 77 U.N.T.S. 261.

Recently, in **SANCHEZ LLAMAS V. OREGON**, 126 S.C.T. 2669 (2006), the Supreme Court noted that Article 36 addresses a foreing national's entitlement to consular notification concernig his arrest. Also it has been held that under 28 U.S.C. § 1350 there is an implied private right of action to enforce an individual's rights under Article 36 of the Vienna Convention, **JOGI V. VOGES**, 425 F.3d 367,387 (7th Cir.2005).

In the instant case, it was the state officials responsibility

2

to advise plaintiff of his Vienna Convention right as required by Article 36. Plaintiff has the right to sue for the violation of his international right.

### (c) PLAINTIFF COMPLAINT IS TIMELY FILED

Statute of limitation applicable to Alien Tort Claim Act is that provided by the Torture Victim Protection Act since both further protection of human rights and help carry out abligation of United States under United Nation Chater and other international agreements for protection of human rights, see **PAPA V. UNITED STATES**, (2002, CA9 Cal.), 281 F.3d 1004, 2002 CDos 1708, 2002 Daily Journal Dar 2134.

Several courts have held that the ATCA's implicit limitations period should be based on the TVPA because the statutes-and the policies behind the statutes- are similar. E.g. **PAPA V. UNITED STAES**, 281 F.3d 1004, 1012-13 (9th Cir. 2002). **DOE V. ISLAMIC SALVATION FRONT**, 257 F.Supp.2d 115, 119 (D.D.C. 2003); **ESTATE OF CABALLO V. FERNADEZ-LARIOS**, 157 F.Supp. 2d 1345, 1363 (S.D. Fla. 2001). These courts point to many similarities between the statute: porpuse (protecting human right), mechanism (civil suits to protect human rights), and location within the United States code (provisions of the TVPA were added to ATCA). See

---

In the Attorney General motion to dismiss at p.9, the defendant agree with plaintiff in that plaintiff is "entitle" to consular notification following arrest. No one advised plaintiff of his rights under Article 36 of the Vienna Convention. And that is why plaintiff is now suing these officials who by their wrongful act and neglegence violated this plaintiff's rights. These officials need to be held responsible for this serious violation.

PAPA V. UNITED STATES, 281 F.3d at 1012 (chronicling these reasons). In sum, the (ATCA) and the (TVPA) share the same TEN-YEAR statute of limitations. Accordingly, on analysis of the statute of limitations under the ATCA and the TVPA is the same because the underlying statute of limitations is the same, see ARCE V. GARCIAS, 400 f.3d at 1345-46.

In the instant case, plaintiff's complaint is timely filed applying the Ten-Year statute of limitations provide by (TVPA) to claim under Alien Tort Claim Act 28 U.S.C. § 1350. Plaintiff was arrested in **1995** and was held in jail wrongly accused of a crime, until **March 1996**, during that period of time, no one advised plaintiff of his rights under Article 36 of Vienna Convention. Plaintiff filed his complaint in **January 2006**. Therefore, plaintiff complaint is timely filed and the Ten-Year statute of limitation apply in this case.

## CONCLUSION

Plaintiff has a private right of action under Article 36 of the Vienna Convention. This honorable Court has jurisdiction to entertain plaintiff's complaint. Plaintiff's complaint is timely filed because the Ten-Year statute of limitation apply. The Attorney General motion to dismiss is without merit and should not be considered by this Court. Plaintiff prays this Honorable Court grant his complaint and Order the defendants to pay the amount requested in the complaint, wich is the sum of $ 1 million dollar, for the wrongful act committed by the defendants, wich caused plaintiff much stress and pain.

Respectfully submitted,

Ricardo A. De Los Santos Mora

4

## CERTIFICATE OF SERVICE

I, Ricardo A. De Los Santos Mora, hereby certify that a true and correct copy of the foregoing Reply was sent to the Clerk of District Court of Delaware, by first class mail, postage prepaid on this 25th day of September 2006.

Party:  M. JANE BRADY, ATTORNEY
        GENERAL
        DEPARTMENT OF JUSTICE
        STATE OFFICE BUILDING
        820 N. FRENCH ST.
        WILMINTONG, DELAWARE
        19801

Ruth

RICARDO A. DE LOS SANTOS MORA
# 27615-083
UNITED STATES PENITENTIARY
P.O. BOX 150160
ATLANTA, GEORGIA 30315

5

Ricardo A. Dr los Santos # 27615-083
UNITED STATES PENITENTIARY
P.O. BOX 150160
ATLANTA, GEORGIA 30315

ATLANTA GA 303
25 SEP 2006 PM 8 L

U.S.M.S.
9-26-06 Rt'd

TO: Office of the Clerk
United States District Court
844 N. King Street,
Lockbox 18
Wilmington, Delaware
19801-3570

19801+3570