IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO A. DE LOS SANTOS MORA | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0046-JJF |
| | ) | |
| CITY OF DOVER POLICE DEPT., | ) | |
| M. JANE BRADY, ATTORNEY | ) | |
| GENERAL, JEFFREY HOVARTH, | ) | |
| DOVER CHIEF OF POLICE, | ) | |

**M. JANE BRADY'S REPLY BRIEF
<u>IN SUPPORT OF HER MOTION TO DISMISS</u>**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. No. 3570
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendant
M. Jane Brady, Attorney General

DATED:  October 6, 2006

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF CITATIONS ............................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ...............................................................1

ARGUMENT ....................................................................................................................2

      I.     PLAINTIFF'S COMPLAINT DOES NOT CONTAIN A CLAIM WITH WHICH TO VEST SUBJECT MATTER JURISDICTION WITH THE COURT ...............................................................................................................3

      II.    PLAINTIFF'S COMPLAINT FAILS TO ASSERT A PRIVATE CAUSE OF ACTION AGAINST THE ATTORNEY GENERAL ............................5

      III.   EVEN IF A PRIVATE RIGHT OF ACTION COULD BE MAINTAINED, PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS ...............................................................................8

      IV.   PLAINTIFF'S ANSWERING BRIEF OFFERS NO RESPONSE ON THE REMAINING ARGUMENTS SET FORTH IN STATE DEFENDANT'S MOTION TO DISMISS, THEREFORE PLAINTIFF IS PRECLUDED FROM FURTHER ARGUMENT ON THOSE ISSUES ...........................9

CONCLUSION ...............................................................................................................10

# **TABLE OF CITATIONS**

CASES

Breard v. Greene, 523 U.S. 371 (1998) ...............................................................................7

Cevallos-Bermeo v. Hendricks, C.A. No. 04-1469, 2006 U.S. Dist. Lexis 769 (D.N.J. Jan. 6, 2006) ...................................................................................................................6

Conley v. Gibson, 355 U.S. 41 (1957)..................................................................................2

Coxson v. Commonwealth of Pennsylvania, 935 F.Supp. 624 (W.D. Pa. 1996) ................2

Cruz v. Beto, 405 U.S. 319 (1972) ......................................................................................2

Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993) ................2

Halling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960); cert denied, 364 U.S. 835 (1960) .....2

Hanoch Tel-Oren v. Libyan Arab Republic, 517 F.Supp. 542 (D.D.C. 1981) ............3, 4, 7

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969)......................................................................................................................2

Jogi v. Piland, 131 F.Supp. 2d 1024 (C.D. Ill. 2001) .........................................................6

Jogi v. Voges, 425 F.3d 367 (7th Cir. 2005).....................................................................5, 7

Justice v. United States, 6 F.3d 1474 (11th Cir. 1993) ........................................................8

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) .................................3

Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884 (3d Cir. 1977) .............2

Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994).......................8

Sanchez-Llamas v. Oregon and Bustillo v. Johnson, Director of Virginia Dept. of Corrections, 126 S.Ct. 2669 (June 28, 2006)..................................................................6, 7

Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999)...................................................8

United States v. Emuegbunam, 268 F.3d 377 (6th Cir. 2001).............................................7

United States v. Jimenez-Nava, 243 F.3d 192 (5th Cir. 2001) ...........................................7

United States v. Lam, Cr. A. No. 04-304, C.A. No. 05-5530, 2006 U.S. Dist. LEXIS 36016 (E.D.Pa. June 2, 2006) ..................................................................................7

United States v. Locke, 471 U.S. 84 (1985) .......................................................................8

Williams v. Taylor, 2002 WL 1459530 (D.Del. July 3, 2002) ...........................................8

Zapata v. Quinn, 707 F.2d 691 (2d. Cir. 1983)...................................................................6

STATUTES AND OTHER AUTHORITIES

Vienna Convention, Article 36 ...........................................................................................8

28 U.S.C. § 1350.........................................................................................................3, 4, 5

42 U.S.C. § 1983.................................................................................................................9

Fed. R. Civ. P. 12(b)(1)...................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6).......................................................................................................3

## NATURE AND STAGE OF PROCEEDINGS

Defendant, M. Jane Brady's ("State Defendant") Motion to Dismiss and Opening Brief in Support was filed on September 18, 2006. (D.I. Nos. 21 and 22). On September 28, 2006, Plaintiff filed a "Reply to Motion to Dismiss," construed by the Court as his Answering Brief in Opposition to State Defendant's Motion to Dismiss. (D.I. No. 26). Other defendants, Jeffrey Hovarth and City of Dover Police Department, filed a motion to dismiss with supporting brief on September 20, 2006. (D.I. Nos. 24 and 25) Plaintiff amended his complaint to name A. Scott Davis and the Harrington Police Department instead of Jeffrey Hovarth and the City of Dover Police Department. (D.I. No. 27)

## ARGUMENT

The standard of review on this motion to dismiss is worthy of reiteration. Dismissal for lack of subject matter jurisdiction, F.R.C.P. 12(b)(1) is appropriate if the right(s) claimed by the Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F.Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). The district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977).

Even if the plaintiff does invoke the court's jurisdiction, his complaint will still be dismissed if, on its face, the complaint fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). A pro se complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nor does the Court have to accept as fact legal conclusions, unsupported conclusions, or sweeping legal arguments cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Halling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960).

It is plaintiff's burden of persuasion when subject matter jurisdiction is challenged under Rule 12(b)(1); whereas, under 12(b)(6) the defendant bears the burden to demonstrate that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Under these standards, the complaint in the instant action must be dismissed because, even assuming Plaintiff's allegations as true, he failed to state the abridgement of any Constitutional right and has otherwise failed to state any claim upon which relief could be granted by this Court. The arguments set forth in Plaintiff's Answering Brief show that his claims fail to assert a private cause of action and cannot survive the various defenses and immunities which mandate dismissal.

**I.      PLAINTIFF'S COMPLAINT DOES NOT CONTAIN A CLAIM WITH WHICH TO VEST SUBJECT MATTER JURISDICTION WITH THE COURT.**

Plaintiff, in his Answering Brief, continues to state that he has met the criteria required to vest jurisdiction of his claim under 28 U.S.C. § 1350. In support of his position, Plaintiff cites to *Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F.Supp. 542 (D.D.C. 1981) to establish that he has met the necessary elements for jurisdiction to vest. *Id.* at 548. For this court to have subject matter jurisdiction over the instant complaint, Plaintiff must have satisfied the requirements of § 1350 that a tort be stated in violation of the law of nations or a treaty of the United States.

*Hanoch* decided two actions alleging multiple tortuous acts. The *Hanoch* plaintiffs consisted of two groups: (1) the personal representatives of twenty-nine persons who died as the result of an attack on a bus traveling between Haifa and Tel Aviv, Israel, and (2) the individuals injured on the bus. *Id.* at 544. The *Hanoch* plaintiffs asserted several bases of jurisdiction including 28 U.S.C. § 1350. *Id.* Upon consideration of the

action, the *Hanoch* court stated that "[i]n maintaining that their actions indeed state claims for recovery under treaties and the law of nations, plaintiffs ignore the fundamental proposition, articulated one hundred and fifty-two years ago by Chief Justice Marshal in *Foster v. Neilson*, that treaties must provide expressly for a private right of action before an individual can assert a claim there under in federal court." *Id.* at 546 (internal citation omitted). Further, the *Hanoch* court stated that "Courts have...held consistently that only treaties with a specific provision permitting a private action, or one to be clearly inferred, may suffice as the basis for federal jurisdiction." *Id.* In analyzing the claim under the Alien Tort Claim Act, 28 U.S.C. § 1350, the *Hanoch* court looked to the three elements cited by the instant Plaintiff: (1) the claim must be made by an alien, (2) it must be a tort, and (3) the tort must be in violation of the law of nations, or the treaties of the United States. Even given the horrible plight of the *Hanoch* Plaintiffs, the *Hanoch* Court determined that the allegations averred did not state actions in torts against the defendants. *Id.* at 548-49. Further, that the allegation were vague and conclusory, hence "insufficient to predicate an action for damages." *Id.* at 549.

In the instant complaint, and again in his answering brief, Plaintiff states that the Defendants violated his "rights under Article 36 of the Vienna Convention." Answering Br. at 2. Although, Plaintiff's allegations sound in tort, the allegations do not state an action in tort against the State Defendant. Therefore, similar to *Hanoch* allegations, Plaintiff asserts vague and conclusory allegations which are "insufficient to predicate an action for damages." *Hanoch* at 549. Stated differently, Plaintiff has failed to satisfy the requirement of § 1350 that a tort be stated in violation of the law of nations or a treaty of the United States against the State Defendant.

4

The *Hanoch* court ultimately held that the complaint must be dismissed as to all the defendants because there was no jurisdiction under § 1350. *Id.* at 549. Expounding on the statute, the *Hanoch* court opined "that [the Alien Tort Claim] statute serves merely as an entrance into the federal courts and in no way provides a cause of action to any plaintiff. Somewhere in the law of nations or in the treaties of the United States, the plaintiffs must discern and plead a cause of action that, if proven, would permit the Court to grant relief." *Id.* In the instant action, as in the *Hanoch* case, the plaintiff cites no cause of action given to them by the law of nations or by treaties of the United States, therefore dismissal is appropriate.

### II. PLAINTIFF'S COMPLAINT FAILS TO ASSERT A PRIVATE CAUSE OF ACTION AGAINST THE ATTORNEY GENERAL

In his Answering Brief, Plaintiff asserts that he has a private right of action to sue for the violation of his international right. Ans. Br. at 2-3. In support of his position, Plaintiff cites to *Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005) for the proposition that there is an implied private right of action to enforce an individual's rights under the Vienna Convention. An examination of the holdings in *Jogi* and its procedural posture are necessary to establish the weight that should be given to the Seventh Circuit's decision.

In *Jogi*, a national from India was charged with aggravated battery with a firearm in Illinois. *Id.* at 370. Jogi was not informed that he could contact the Indian consulate. *Id.* Jogi plead guilty. After serving six years of a twelve years sentence, and being removed to India, Jogi filed a complaint seeking compensatory, nominal and punitive damages against county officials. *Id.* at 370-71. Jogi cited the Alien Tort Claim Act, 28 U.S.C. § 1350 to establish subject matter jurisdiction. *Id.* at 370. The United States District Court for the Central District of Illinois held that the alleged violation did not fall

5

under the Alien Tort Claim Act. *Jogi v. Piland*, 131 F.Supp. 2d 1024, 1027 (C.D. Ill. 2001). The Illinois District Court noted that the statute triggers jurisdiction only in cases of "shockingly egregious violations of universally recognized principles of international law." *Id.* (quoting *Zapata v. Quinn*, 707 F.2d 691, 692 (2d. Cir. 1983) (*per curiam*)). Further, the court found that no such violation occurred because Jogi was unable to name a "specific prejudice or harm from the Indian consulate's lack of involvement." *Id.* Moreover, the court observing that Jogi was read his Miranda rights and provided with court-appointed counsel, held that the defendants' actions were not of the extreme sort the Alien Tort Claim Act sought to prevent and dismissed Jogi's complaint. *Id.*

The Seventh Circuit reversed and remanded holding "that it had subject matter jurisdiction to adjudicate the matter under the Alien Tort Statute; that Article 36 conferred individually enforceable rights upon the plaintiff; and that plaintiff's conviction or sentence did not have to be invalidated in order for him to seek a monetary award." *Cevallos-Bermeo v. Hendricks,* C.A. No. 04-1469, 2006 U.S. Dist. Lexis 769, *20 (D.N.J. January 6, 2006). The Seventh Circuit rendered its decision in *Jogi* on September 27, 2005. (Dkt. 01-1657 – Exhibit A). Shortly thereafter the Appellees filed a motion to extend time to file a Petition for Rehearing. The Seventh Circuit granted the uncontested motion for extension of time to file a petition for rehearing or rehearing en banc on October 4, 2005.

Thereafter, on January 4, 2006, the Seventh Circuit issued an order to "hold in abeyance Defendants-Appellees' Petition for Rehearing or Rehearing En Banc, filed November 10, 2005, pending the resolution of two cases currently before the Supreme Court, *Sanchez-Llamas v. Oregon* and *Bustillo v. Johnson* (citations omitted). "The

appellant and the appellees shall file position statements regarding the significance of *Sanchez-Llamas* and *Bustillo* to this petition for rehearing within 14 days of the issuance of the Supreme Court's decisions." *Id.*  After both the parties filed position statements, the Seventh Circuit issued a scheduling order for the parties to submit responding memoranda. *Id.*  The last memorandum is due to be submitted to the Seventh Circuit Court of Appeals on October 12, 2006. *Id.*  Therefore, the *Jogi* decision on which the Plaintiff relies appears to be currently under re-consideration and should not be given the weight of a final decision.

Most courts have opined that "it is unclear whether Article 36 provides for individually enforceable rights." *United States v. Lam*, Cr. A. No. 04-304, C. A. No. 05-5530, 2006 U.S. Dist. LEXIS 36016 At *11, (E.D.Pa.  June 2, 2006).  The Supreme Court has left the issue open, stating that it "arguably confers on an individual the right to consular assistance following arrest." *Breard*, 523 U.S. at 376.  Two circuits, however, have held that Article 36 does not create individual rights, *see United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001), while only one has held that it does, *see Jogi v. Voges*, 425 F.3d 367, 382 (7th Cir. 2005).

Any violation of Article 36 would only entitle the Plaintiff to consular notification – not any right to consular intervention or effect on the criminal investigation.  "[A]n action predicated on a treaty or on more general norms of international law must have at its basis a specific right to a private claim." *Hanoch*, 517 F.Supp. 542, 549.  Plaintiff's complaint does not demonstrate such an entitlement and this Court should not create an entitlement to a private right of action where there has been no jurisdictional grant.

7

### III. EVEN IF A PRIVATE RIGHT OF ACTION COULD BE MAINTAINED, PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff asserts that a ten year statute of limitation governs the instant action. State Defendant agrees that most courts recognize a ten year statute of limitations applicable to the Alien Tort Claim Act. However, the parties differ on the when the statute of limitations began to run. Plaintiff contends that the ten years did not run until after his trial. This contention is clearly wrong. Plaintiff's claim accrued and his statute of limitation time began to run when he was arrested, April 1995, and allegedly was not advised of his rights under Article 36. *See Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). Plaintiff did not file his complaint until January 20, 2006, well past the ten year statute of limitations. Therefore, Plaintiff's action is untimely and should be dismissed.

Although there is a general rule that statute of limitations are subject to equitable tolling, *see United States v. Locke*, 471 U.S. 84, 94 n.10 (1985), no equitable tolling should by applied to Plaintiff's complaint. Equitable tolling is appropriate only in "extraordinary circumstances." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). To qualify for equitable tolling, "the burden is on the plaintiff." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Therefore, plaintiff must establish that equitable tolling is warranted. Plaintiff has not set forth any theory for the court to consider equitable tolling.

In *Williams v. Taylor*, 2002 WL 1459530 (D.Del. July 3, 2002), the plaintiff, seeking equitable tolling, asserted that he was not advised of his rights under the Vienna Convention until years after his conviction. Your Honor found that the plaintiff's lack of

legal knowledge nor attorney error constituted "extraordinary circumstances." This Court concluded that the doctrine of equitable tolling did not apply. Likewise, the Court should reach the same result in the instant action and grant the motion to dismiss for failure to state a claim.

    **IV.** **PLAINTIFF'S ANSWERING BRIEF OFFERS NO RESPONSE ON THE REMAINING ARGUMENTS SET FORTH IN STATE DEFENDANT'S MOTION TO DISMISS, THEREFORE PLAINTIFF IS PRECLUDED FROM FURTHER ARGUMENT ON THOSE ISSUES**

Plaintiff's Brief does not address State Defendant's arguments related to dismissal of his action under 42 U.S.C. § 1983 and/or various immunity defenses. State Defendant stands by her arguments as set forth in her Opening Brief. Plaintiff should be precluded from setting forth any arguments not raised in his answering brief.

**CONCLUSION**

Clearly, accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim against the State Defendant upon which relief could be granted. For the reasons set forth herein and in State Defendant's Opening Brief, M. Jane Brady respectfully requests that this Honorable Court grant her Motion to Dismiss Plaintiff's complaint with prejudice.

                                    **DEPARTMENT OF JUSTICE**
                                    **STATE OF DELAWARE**

                                    /s/ Linda M. Carmichael
                                    Linda M. Carmichael, I.D. No. 3570
                                    Deputy Attorney General
                                    Carvel State Office Building
                                    820 North French Street
                                    Wilmington, DE  19801
                                    (302) 577-8400
                                    Attorney for the Defendant
DATED:  October 6, 2006              M. Jane Brady, Attorney General

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2006, I electronically filed Defendant M. Jane Brady, Attorney General's Reply Brief in Support of her Motion to Dismiss with the Clerk of the Court using CM/ECF. In addition, two copies were sent via U.S. Mail to the following:

| | |
|---|---|
| Ricardo A. De Los Santos Mora<br>27615083<br>United States Penitentiary<br>P.O. Box 150160<br>Atlanta, GA  30315 | Ricardo A. De Los Santos Mora<br>#27615-083<br>FCC Petersburg Medium<br>P.O. Box 90043<br>Petersburg, VA  23804 |

By: /s/ Linda M. Carmichael
    Linda M. Carmichael I.D. #3570
    Deputy Attorney General
    Carvel State Office Building
    820 North French Street, 6th Fl.
    Wilmington, DE 19801
    (302) 577-8400
    linda.carmichael@state.de.us
    Attorney for Defendant
    M. Jane Brady, Attorney General