IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RICARDO A. DE LOS SANTOS MORA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-46-JJF |
| M. JANE BRADY, A. SCOTT DAVIS, and HARRINGTON POLICE DEPARTMENT, | : |
| Defendants. | : |

Ricardo A. De Los Santos Mora, Pro se Plaintiff.

Linda M. Carmichael, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Defendant M. Jane Brady.

**MEMORANDUM OPINION**

March 30, 2007
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is a Motion To Dismiss Complaint with supporting brief of Defendant M. Jane Brady ("Brady"), former Delaware Attorney General, Plaintiff's Opposition thereto, and Brady's Reply.  (D.I. 21, 22, 26, 28, 29, 36.)  For the reasons set forth below, the Court will grant the Motion To Dismiss.  (D.I. 21.)

I.  **BACKGROUND**

Plaintiff, an inmate at the United States Penitentiary in Atlanta, Georgia, filed this lawsuit pursuant to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350.  He asserts jurisdiction pursuant to 28 U.S.C § 1331.  Plaintiff has amended the Complaint several times, and now names as Defendants Brady, police officer A. Scott Davis, and the Harrington Police Department.  (D.I. 2, 10, 11, 27.)

Plaintiff is a citizen of the Dominican Republic.  He alleges that in April 1995 he was arrested in Delaware by a patrol police officer.  At the time, the officer advised Plaintiff and another passenger in the car of their Miranda rights, but Plaintiff is a Spanish speaker, and he did not understand them.  Plaintiff alleges that the officer did not advise him of his rights under Article 36 of the Vienna Convention.

Plaintiff was taken to the police department, then to jail

and later appeared in court. The court appointed Plaintiff an attorney and an interpreter to assist him. Plaintiff was charged with drug trafficking and "other charges" in Docket #9504015686.[1] (D.I. 11.) Trial commenced on March 26, 1996, and after a three day trial, Plaintiff was found "not guilty" on all charges. Plaintiff alleges that following the trial he was returned to jail, and the next day was taken by immigration to York Town, Pennsylvania, where he was released on $5,000 bail.

Plaintiff alleges that at no time during the eleven months he spent in pretrial detention or during the criminal proceedings was he advised of his international rights. He further alleges that the arresting police officer and the Attorney General failed to advise him of his Vienna Convention rights under Article 36. Plaintiff alleges he is a "victim of a tort committed in violation of a treaty of the United States." He further alleges that had he known of his Vienna Convention rights he would have "requested assistance from his country consulate official, and he probably would not had been held in jail that long." (i.e., eleven months) (D.I. 2 at 3.)

Brady moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1)[2] and 12(b)(6). She contends that the Complaint fails to

---

[1] No other information was provided by Plaintiff.

[2] Brady's Opening Brief contains the standard for a 12(b)(1) dismissal for want of subject matter jurisdiction but does not

3

assert a private cause of action against her and, in the alternative, that if a private cause of action could be maintained, it is procedurally barred.³  She also seeks dismissal under 42 U.S.C. § 1983.⁴

---

otherwise discuss the issue. (D.I. 22.) Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court '"review[s] only whether the allegations on the face of the [C]omplaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002) (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). Plaintiff's Response (D.I. 26) addressed the issue of subject matter jurisdiction, and in turn, Brady addressed the issue in her Reply (D.I. 28). Regardless, the Court considers the issue waived since there was no argument or discussion of the issue in Brady's Opening Brief.

   ³As will be discussed, the Complaint and its amendments fail to state a claim upon which relief may be granted. Therefore, the Court will not address the statute of limitation issue, although it appears that the Complaint was timely filed. There is a ten year limitation period and it is alleged that at no time, up until the time of trial in March 1995, was Plaintiff apprised of his consular notification rights. See Van Tu v. Koster, 364 F.3d 1196 (10th Cir. 2004) (the ATCA does not contain a limitation period, but most courts have borrowed the ten-year statute of limitation contained in the Torture Victim Protection Act of 1991).

   Brady's assertion that Plaintiff is procedurally barred from raising this claim because it was not raised at his criminal trial is not well-taken. Brady appears to rely upon habeas corpus law to support her position in this regard. Plaintiff, however, does not seek habeas relief, but rather filed this claim as a civil action and seeks compensatory damages.

   ⁴The Court finds it unnecessary to address this portion of the Motion To Dismiss as Plaintiff does not seek recovery under § 1983, and he made no response to this portion of the Motion. Further, it is clear from the face of the Complaint that any § 1983 claim would be barred by the applicable two year limitation period.

## II. DISCUSSION

### A. Standard Of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B. Vienna Convention

Plaintiff filed this suit under the ATCA. This act grants jurisdiction to federal courts to hear suits brought by aliens

for torts either in violation of the laws of nations or in violation of a treaty of the United States. Sosa v. Alvarez-Machain, 542 U.S. 692 (2004). The gist of Plaintiff's Complaint is that, as a citizen of the Dominican Republic, Article 36 of the Vienna Convention required he be informed of the Convention's rights upon his arrest. Plaintiff alleges a tort was committed because he was never advised of his right to contact the Dominican consulate, he was wrongly accused of a crime, and he was held in jail for eleven months.

Brady argues that dismissal is proper because the Complaint fails to state claim upon which relief may be granted under Article 36 of the Vienna Convention. More particularly, she argues that Article 36 does not implicate any right to consular intervention or cessation of a criminal investigation, or any private right of action.

In his opposition, Plaintiff relies upon Jogi v. Voges, 25 F.3d 367, 387 (7th Cir. 2005) ("Jogi I"), which held that there is an implied private right of action to enforce an individual's rights under Article 36 of the Vienna Convention, and that the ATCA conferred subject matter jurisdiction upon the court to adjudicate the matter. Very recently, on March 12, 2007, the Court of Appeals for the Seventh Circuit withdrew the Opinion and superseded it with a new one. Jogi v. Voges, No. 01-1657, 2007 WL 730550 (7th Cir. Mar. 12, 2007) ("Jogi II"). In Jogi II, the

6

Seventh Circuit expressly refrained from deciding whether the failure to inform the plaintiff of the right to consular notification provided by Article 36 of the Vienna Convention was the kind of "tort. . . in violation of a treaty" covered under the ATCA.  Jogi II, 2007 WL 730550 at *3.

The provision of the Vienna Convention on Consular Relations and Optional Protocol Disputes, 21 U.S.T. 77, TIAS No. 6820 ("Vienna Convention") at issue is Article 36, more particularly Article 36(1)(b).  While not specifically designated by Plaintiff, this appears to be the provision he contends was violated by Defendants since he alleges he was never informed of his rights under the Vienna Convention.

Article 36(1)(b) provides that "if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.  Art. 36(1)(b), 21 U.S.T. at 101.  Article 36(1)(b) further states that "[t]he said authorities shall inform the person concerned [i.e., the detainee] without delay of his rights under this sub-paragraph."  Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2675 (2006) (citing 21 U.S.T. at 101).  The Supreme Court has stated that the Vienna Convention "arguably confers on an individual the right to consular assistance following an

arrest." Breard v. Greene, 523 U.S. 371, 376 (1998) (per curiam).

Neither the United States Supreme Court, nor this Circuit has directly addressed the issue as to whether Article 36 creates a right enforceable by an individual who has been arrested. Recently, in Sanchez-Llamas v. Oregon, -U.S.-, 126 S.Ct. 2669 (2006), the Supreme Court found it unnecessary to resolve the question of whether the Vienna Convention grants individuals enforceable rights, but for purposes of addressing the claims presented, assumed without deciding, that Article 36 does grant such rights. Id. at 2677-78. In Sanchez-Llamas the Supreme Court held that, assuming the Vienna Convention created enforceable individual rights, suppression of evidence via the exclusionary rule was not an appropriate remedy for such a violation. Id. at 2678-79.

The Third Circuit, in Green v. Apker, No. 05-2546, 153 Fed. Appx. 77 (3d. Cir. 2005), and in Adams v. Apker, 148 Fed. Appx. 93 (3d Cir. 2005), expressed no opinion on the merits of claims based on the Vienna Convention, but simply noted that "it is unclear whether [the appellants] ha[d] any privately enforceable right or cognizable claim at all under the consular notification provisions of the Vienna Convention." Green, 153 Fed. Appx. at 79 n.3; Adams, 148 Fed. Appx. at 95 n.2 (citing Medellin v. Dretke, 544 U.S. 660, 663-66 (2005) (dismissing writ of

certiorari as improvidently granted).

In the criminal context, two Circuits have held that the Vienna Convention does not confer any individual rights upon foreign nationals. See United States v. Emuegbunam, 268 F.3d 377 (6th Cir. 2001); United States v. Jimenez-Nava, 243 F.3d 192 (5th Cir. 2001). The other Circuits have not specifically held that Article 36 confers individually enforceable rights, and the decisions conclude that either remedies for Article 36 violations in criminal proceedings such as suppression of evidence or dismissal of an indictment are inappropriate, or that procedural rules preclude consideration of the issue. United States v. Ortiz, 315 F.3d 873, 886 (8th Cir. 2002); United States v. Duarte-Acero, 296 F.3d 1277, 1281-82 (11th Cir. 2002); United States v. Minjares-Alvarez, 264 F.3d 980, 986 (10th Cir. 2001); United States v. Lawal, 231 F.3d 1045, 1048 (7th Cir. 2000); United States v. Lombera-Camorlinga, 206 F.3d 882, 885 (9th Cir. 2000); United States v. Li, 206 F.3d 56, 61-62 (1st Cir. 2000); United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001); Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997).

Few courts have addressed the issue in the civil context, and even then there is no agreement among them. See Jogi v. Voges, No. 01-1657, 2007 WL 730550 (7th Cir. Mar. 12, 2007) (Article 36 of the Vienna Convention grants private rights to an identifiable class of persons-aliens from countries that are

parties to the Convention, and a remedy lies under 42 U.S.C. § 1983); Alvarez v. Gonzales, 155 Fed. Appx. 393 (10th Cir. 2005) (even if Bivens claim could arise under Article 36, the claim was barred by the limitations period); Christ v. Detroit Police Dep't., Civil Action No. 06-1833, 2007 WL 522632 (E.D. Mich. Feb. 14, 2007) (failure to state a claim because there is no individually enforceable right under Vienna Convention to bring action under Alien Tort Statute regarding notifying plaintiff of his right to contact his embassy); Bieregu v. Ashcroft, 259 F.Supp.2d 342, 353-54 (D.N.J. 2003) (Vienna Convention does not create duty enforceable in tort); Standt v. City of New York, 153 F.Supp.2d 417 (S.D.N.Y. 2001) (individually enforceable right is created under the section of the Vienna Consular Relations through 42 U.S.C. § 1983); Sorensen v. City of New York, 2000 WL 1528282, at *6 (S.D.N.Y. Oct. 16, 2000)(assuming without deciding that Vienna Convention confers private rights, but holding that treaty does not provide for money damages).

Although the Supreme Court did not decide the issue of whether the Vienna Convention confers private rights, its analysis in Sanchez-Llamas is instructive on whether there is a remedy available to Plaintiff. It noted that the Vienna "Convention does not prescribe specific remedies for violations of Article 36. Rather, it expressly leaves the implementation of Article 36 to domestic law: Rights under Article 36 are to be

'exercised in conformity with the laws and regulations of the receiving State.'" Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2678 (2006) (citing Art. 36(2), 21 U.S.T. at 101).

Plaintiff alleges that he is a victim of a tort committed in violation of a treaty of the United States. He alleges that had he known of his Vienna Convention rights, he would had requested assistance from his country consulate official, and he probably would not have been held in jail for eleven months. (D.I. 2 at 3.) To state a claim for negligence, a plaintiff must allege: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the defendant's breach was the proximate cause of the plaintiff's injury. New Haverford P'ship v. Stroot, 772 A.2d 792, 798 (Del. 2001). Although yet to be decided, even assuming the Vienna Convention provides Plaintiff with a private cause of action under the ATCA, the Complaint fails to state a claim upon which relief may be granted. See Bieregu v. Ashcroft, 259 F.Supp.2d 342, (D.N.J. 2003) (sua sponte dismissal of complaint for failure to state a claim in case alleging violations of the Vienna Convention when he was not advised of consular rights because the complaint failed to assert what tort defendants committed, failed to show causation, and damages).

"Article 36 does not guarantee defendants any assistance at all. The provision secures only a right of foreign nationals to

11

have their consulate informed of their arrest or detention-not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention." Sanchez-Llamas, 126 S.Ct. at 2681. This means that, regardless of whether Plaintiff was provided with consular notice, the criminal charges filed against him would have continued until the judicial process ended. Notably, the allegations indicate that Plaintiff, as a foreign national detained on suspicion of a crime, enjoyed the protections of the Due Process Clause. See Sanchez-Llamas, 126 S.Ct. at 2682. Indeed, the court appointed Plaintiff an attorney and an interpreter to assist him in the proceedings. As alleged by Plaintiff, after a three day trial he was found "not guilty" – the most favorable outcome he could have received. Even construing the Complaint in the light most favorable to Plaintiff, it does not allege causation or damages, two elements necessary to state a claim. Accordingly, based upon the foregoing analysis, the Court will grant the Motion To Dismiss for failure to state a claim upon which relief may be granted.

## III.  CONCLUSION

The Court will grant State Defendant M. Jane Brady's Motion To Dismiss Complaint. (D.I. 21.) An appropriate order will be entered.