IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO A. DE LOS SANTOS MORA, | * | C.A. No. 06-46 JJF |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| M. JANE BRADY, A. SCOTT DAVIS, and HARRINGTON POLICE DEPARTMENT, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

OPENING BRIEF OF
HARRINGTON POLICE DEPARTMENT
IN SUPPORT OF ITS MOTION TO DISMISS

SCHMITTINGER AND RODRIGUEZ, P.A.
WILLIAM W. PEPPER SR., ESQUIRE
BAR ID #2400
414 South State Street
P.O. Box 497
Dover DE 19903-0497
302.674.0140
Attorney for Defendant Harrington Police Department

DATED: April 9, 2007

TABLE OF CONTENTS

Page

TABLE OF CITATIONS .......... ii

NATURE AND STATE OF THE PROCEEDINGS .......... 1

SUMMARY OF ARGUMENT .......... 2

STATEMENT OF FACTS .......... 3

STANDARDS APPLICABLE TO MOTIONS TO DISMISS .......... 4

ARGUMENT

I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. .......... 5

II. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. .......... 6

CONCLUSION .......... 7

TABLE OF CITATIONS

Page

CASES

Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577 (3rd Cir. 2004). . . . . . . . . . 4

Conley v. Gibson, 355 U.S. 41 (1957). . . . . . . . . . 4

Estelle v. Gamble, 429 U.S. 97 (1976) . . . . . . . . . . 4

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993) . . . . . . . . . . 4

STATUTES

28 U.S.C. §1350 . . . . . . . . . . 1

COURT RULES

Fed. R. Civ. Pro. 12 (b) (6) . . . . . . . . . . 4

Fed. R. Civ. P. 15 (c) . . . . . . . . . . 6

Local Rule 7.1.2 . . . . . . . . . . 1

NATURE AND STATE OF THE PROCEEDINGS

Plaintiff filed this action on January 20, 2006, alleging a claim under the Alien Tort Claim Act, 28 U.S.C. §1350, against former Attorney General Brady, the City of Dover Police Department and its chief, Jeffrey Horvath. Plaintiff alleges that when he was arrested in April 1995, the arresting officer failed to advise him of his rights under the Vienna Convention.

On October 2, 2006, plaintiff sought to dismiss his claims against the Dover Police Department and Horvath and to add the Harrington Police Department and A. Scott Davis as defendants. Docket Item 27. This Court granted plaintiff's request on October 30, 2006. Docket Item 30.

The Harrington Police Department was notified of the suit and waived service of process. A. Scott Davis, a former Harrington Police Department officer, has not yet been served.

On March 30, 2007, this Court issued an opinion and entered an order dismissing the claim against former Attorney General Brady for failure to state a claim upon which relief could be granted. Docket Items 39, 40.

On April 6, 2007, defendant Harrington Police Department filed a motion to dismiss. This is moving defendant's brief in support of the motion as required by Local Rule 7.1.2.

## SUMMARY OF ARGUMENT

Defendants' motion to dismiss should be granted. Plaintiff's complaint fails to state a claim against the Harrington Police Department because it fails to allege causation and damages, two of the elements necessary to state a claim. Plaintiff's claims against defendant Harrington Police Department is also barred by the applicable statute of limitations.

## STATEMENT OF FACTS

This action arises out of plaintiff's arrest in April 1995. Plaintiff is a citizen of the Dominican Republic. He alleges that the arresting officer failed to advise him of his rights under Article 36 of the Vienna Convention. Plaintiff has held in default of bond until his acquittal following a three-day trial in March 1996.

## STANDARDS APPLICABLE TO MOTIONS TO DISMISS

Rule 12(b) (6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12 (b) (6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, Court assumes that all factual allegations in the plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3rd Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12 (b) (6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

This Court has already ruled that plaintiff's complaint fails to state a claim upon which relief may be granted as against former Attorney General Brady because it did not allege causation or damages, two elements necessary to state a claim. Docket Item 30 at 12. Plaintiff's claim against the Harrington Police Department can fare no better. It also fails to allege causation and damages as against the Harrington Police Department. Therefore, this Court should dismiss the claim against the Harrington Police Department.

## II. PLAINTIFF'S CLAIM AGAINST THE HARRINGTON POLCE DEPARTMENT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

The Harrington Police Department is also entitled to the dismissal of the claim against it because plaintiffs claims are barred by the applicable statute of limitations. The claim does not relate back to the date that plaintiffs complaint was filed.

The Alien Tort Claims Act is subject to a ten-year statute of limitations. The complaint was filed on January 20, 2006, within ten years of plaintiff's March 1996 acquittal. However, the claim against the Harrington Police Department was not added until October 2006, more than ten years after plaintiff's acquittal. Therefore, plaintiff's claim against the Harrington Police Department is only timely if the complaint relates back to the time of the filing of the initial complaint. The amendment does not relate back.

Federal Rule of Civil Procedure 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Id. In this case, the Harrington Police Department was not given notice of this action within 120 days of its filing on January 20, 2006. Indeed, the department did not receive until sometime after December 20, 2006, when the Clerk forwarded copies of the complaint and USM 285 forms to the United States Marshal for service. See Docket Item 35. December 20, 2006, is 334 days after the complaint was filed. The amendment adding the Harrington Police Department does not relate back

to the date of the original filing.

The motion to dismiss should be granted and plaintiff's complaint should be dismissed as to the Harrington Police Department.

CONCLUSION

For the reasons expressed herein, the Harrington Police Department prays this Court to enter an order dismissing plaintiff's complaint.

.

SCHMITTINGER AND RODRIGUEZ, P.A.

/s/ William W. Pepper Sr.
WILLIAM W. PEPPER SR., ESQUIRE
BAR ID #2400
414 South State Street
P.O. Box 497
Dover DE 19903-0497
302.674.0140
Attorney for Defendant Harrington
Police Department

DATED: April 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICADO A. DE LOS SANTOS MORA,<br>Plaintiff,<br>v.<br>M. JANE BRADY, A. SCOTT DAVIS, and HARRINGTON POLICE DEPARTMENT,<br>Defendants. | * * * * * * * * * * * | C.A. No. 06-46 JJF<br><br>CERTIFICATE OF SERVICE |

I hereby certify that I have caused two (2) copies of Opening Brief Of Harrington Police Department In Support Of Its Motion to Dismiss be served upon:

Ricardo A. De Los Santos Mora
27615083
United States Penitentiary
P.O. Box 150160
Atlanta GA 30315

Linda M. Carmichael, Esquire
Department of Justice
820 North French Street, Sixth Floor
Wilmington DE 19801

by mailing copies to the addresses shown above, postage prepaid, on April 9, 2007.

SCHMITTINGER AND RODRIGUEZ, P.A.

/s/ William W. Pepper Sr.
WILLIAM W. PEPPER SR., ESQUIRE
BAR ID #2400
414 South State Street
P.O. Box 497
Dover DE 19903-0497
302.674.0140
Attorney for Defendant Harrington Police Department

DATED: April 9, 2007