IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICARDO A. DE LOS SANTOS MORA
    Plaintiff,

V.                                       Civil No. 06-46-JJF

A. DAVIS SCOTT, HARRINGTON POLICE
DEPARTMENT, AND M.JANE BRADY
    Defendants.             /

ANSWER TO DEFENDANT, HARRINGTON POLICE
DEPARTMENT, MOTION TO DISMISS

FILED APR 19 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Comes now, ricardo A. De Los santos Mora, hereafter "plaintiff" and in suport of his petition hereby states as follows:

On March 30, 2007 this Honorable Court entered an Order granting defendant, M.Jane brady, Motion to dismiss. Plaintiff file a timely Notice of Appeal on April 10, 2007. However, the other two defendants were required to file a response on January 5, 2007, (see return of Waiver of Service of Summons).

Defendant, Harrington Police Dept., filed it response on April 9, 2007, well above the 60 day require by FED. R. C.V.P. 4 (d)(3). The Return of waver of Service of Summons states: ...I understant that a judgment may be entered "against" the party on whose behalf I am acting if "aresponse is not served and filed within 60 days **after**: January 5, 2007."

Harrington Police Dept. filed it response untimely, and this Court should enter a "default judgment" against the defendant. Moreover, this Court erred in dismissing Mora's complaint for fail to state aclaim upon which relief can be granted without allowing the defendants to file their

1

response.

Dismissal of a pro se complaint prior to serve of process is a draconian device, which is warranted only when the complaint lacks an arguable basis either in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.

The defendant, Harrington Police Dept. response was after the Court ruled on the complaint. Additional, A. Davis Scott has not even responded to the complaint, therefore, this Court should also enter a default judgment against him.

This Court should not grant Harrington Police Dept. Motion to Dismiss for fail to state a claim upon which relief can be granted for the following reasons:

1). Plaintiff complaint is timely filed, and the amendments relate to the complaint.

2). Plaintiff has an individual right to sue Delaware officials for violation of the Vienna Convention, either under 28 U.S.C. § 1350 or 42 U.S.C. § 1983.

3). Even if the complaint is not timely filed, the Court is obligated to allow plaintiff to show equitable tolling, which apply in this case due to plaintiff limited English and not being able to find a inmate willing to translate legal material from English to Spanish.

4) Defendant, Harrington Police Dept., did not present any legal argument opposing plaintiff's claim.

## CONCLUSION

The defendant untimely filed a response. This Court should enter a default judgment against the defendants, Harrington Police Dept., and A. Davis Scott. The Court erred in dismissing the complaint prior to defendants response. This case should not go forward until this Court address these issues presented in this petition.

2

CERTIFICATE OF SERVICE

I, Ricardo A. De Los Santos Mora, hereby certify that I caused to mail this petition to the Clerk of the United States District Court of delaware on this _16_ day of April 2007.

Respectfully submitted,

Ricardo De Los santos Mora
# 27615-083
United States Penitentiary
Atlanta, Georgia
P.OBox 150160
Atlanta, GA 30315

Party:  HARRINGTON POLICE DEPT.
        ATT. SCHNITTNNGER & RODRIQUEZ
        414 SOUTH STATE STREET
        P.O.BOX 497
        DOVER, DELAWARE 19903-0497

3

Corporate/Entity Defendant

## RETURN OF WAIVER OF SERVICE OF SUMMONS

    I acknowledge receipt of the request that I can waive service of summons in the matter of C.A. No.**06-46** in the United States District of Delaware. I have also received a copy of the complaint in the action, two copies of this form, a copy of the Order of the Court authorizing service and a means by which I can return the signed waiver without cost to me.
    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.
    The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons. I understand that a judgement may be entered against the party on whose behalf I am acting if a response is not served and filed within **60 days** after: January 5, 2007.

Date: 2/5/07

Signature of Defendant     Printed or Typed Name: William D. Pepper Sr.    Solicitor for City of Harrington / for Harrington Police Dept

## DUTY TO AVOID UNNECESSARY COST OF SERVICE OF SUMMONS

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cost of service of the summons and the complaint. **A defendant located in the United States, who, after being notified of an action and asked to waive service of summons on behalf of a plaintiff located in the US, fails to do so will be required to bear the cost of such service unless good cause be shown for that defendant's failure to sign and return the waiver.**
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over defendant's person or property. A defendant who waives service of summons retains all defenses and objections, except any relating to the summons or the service of summons, and may later object to the jurisdiction of the Court or to the place to where the action has been brought.
    A defendant who waives service must within the time specified on the "Return of Waiver" form served on plaintiff, if unrepresented or on plaintiff's attorney, a response to the Complaint and must also file a signed copy of the response with the Court. If the answer or a motion is not served within this time, a default judgement may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



FILED
FEB 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



ATLANTA GA 303
16 APR 2007 PM 2 T

To: Office of the Clerk
United State District Court
844 N. King Street, Lock box 18
Wilmington, Delaware
19801-3570

Ricardo De los Santos Mora
#27615-083
UNITED STATES PENITENTIARY
P.O. BOX 150160
ATLANTA, GEORGIA 30315

Legal Mail